# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CASE NO. 3:08-CV-00524-R

**JAMES DENTON**                                                                                **PLAINTIFF**

**v.**

**JOHN E. POTTER, POSTMASTER GENERAL**                     **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the Court upon Defendant's Motion for Summary Judgment and Motion to Strike (DN 12). Plaintiff has responded (DN 17), and Defendant has replied (DN 20). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This matter arises out of Plaintiff James Denton's employment with the U.S. Postal Service as a city letter carrier in Owensboro, Kentucky. Denton alleges that he was discriminated against on the basis of his sex and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA").

Denton's employment as a city letter carrier with the Postal Service began November 27, 2004. Denton underwent three days of classroom training and a week of on-the-job training before his first regular day of work on December 14, 2004. During his orientation, Denton claims that his supervisor, Kenneth Hunn, told him that being a letter carrier was a difficult, physically demanding job and that he did not think Denton would make it the twelve or fifteen years Denton planned on working before retirement. Denton was fifty-eight years old.

As a new carrier, Denton was subject to a probationary period of up to ninety days. On

December 27, 2004, Hunn issued Denton's thirty-day evaluation. Hunn rated Denton "unacceptable" in the factors of "work quantity," which includes working at a sufficient speed and accomplishing tasks in a timely manner, and "work methods," which includes following instructions. Hunn told Denton that he was too slow.

On January 3, 2005, Hunn and another supervisor, Rodney Bartlett, told Denton that he was going to be terminated for being too slow. They gave him the option of resigning instead of being terminated, which would allow him to work for the Postal Service in a different capacity. Denton chose to resign. Denton is currently employed by the Postal Service as a mail processing clerk in Louisville, Kentucky.

Denton immediately sought EEO counseling and filed a Formal Complaint on March 21, 2005. On January 19, 2006, a hearing was held before EEOC Administrative Judge Christine Dibble, who found in favor of the Postal Service. Denton's appeal of this decision was denied on August 28, 2008. On October 1, 2008, Denton initiated the present action in this Court.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**ANALYSIS**

**1.        Age Discrimination Claim**

The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish a prima facie case of age discrimination under the ADEA, a plaintiff must establish that: (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected," *Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir. 2001), or (4) "similarly situated non-protected employees were treated more favorably," *Talley v. Bravo Pitino Rest.*, 61 F.3d 1241 (6th Cir. 1995). If the plaintiff makes this prima facie showing, then "the burden of production shifts to the defendant to articulate a nondiscriminatory reason for its action." *Harris v. Metro. Gov't of*

3

*Nashville & Davidson County*, 594 F.3d 476, 485 (6th Cir. 2010) (citing *Burzynski*, 264 at 622). If the defendant does so, then "the burden of production shifts back to the plaintiff to show that the employer's proffered reason was mere pretext for intentional age discrimination." *Id.* (citing *Burzynski*, 264 at 622). "The plaintiff retains the ultimate burden of proving that 'age was the "but-for" cause of the employer's adverse action.'" *Id.* (quoting *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009)).

At fifty-eight years old, Denton satisfies the first element of his prima facie case.

The Court also finds that Denton was constructively discharged, satisfying the second element of his prima facie case. Constructive discharge exists when "working conditions are such that a reasonable person in the plaintiff's shoes would feel compelled to resign." *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1127 (6th Cir. 1998) (citations omitted). The doctrine of constructive discharge applies if an employee chooses to resign when there is no option of continued employment. *Id.* at 1128. For example, in *Scott*, the plaintiff's employer told him that he was going to lose his job. *Id.* He chose to retire with certain benefits instead of going into a layoff status that carried fewer or no benefits. *Id.* The Sixth Circuit found that the plaintiff could maintain his age discrimination claim based on a constructive discharge theory. *Id.* Here, similarly, there is no dispute that Denton would have been terminated had he not resigned. *Compare Adams v. Lucent Tech., Inc.*, 284 F. App'x 296, 301 (6th Cir. 2008) (holding plaintiffs could not demonstrate that they were constructively discharged because they were not certain to lose their jobs). He chose to resign, which protected his ability to obtain Postal employment in another capacity; had he been terminated, he would not have been able to obtain another Postal position.

4

Defendant does not specifically dispute that Denton was qualified for the position.

Denton, however, has not satisfied the fourth element of his prima facie case. He argues that he was replaced by a substantially younger female, Robin Forker, but Defendant has shown that Forker's employment began on December 25, 2004, before Denton's thirty-day evaluation. Hunn has also testified that no one replaced Denton. Denton does not contend that similarly situated non-protected employees were treated more favorably.

Furthermore, even if Denton could prove his prima facie case of age discrimination, he has not shown that Defendant's proffered reason for giving him the choice to resign or be terminated was mere pretext for intentional age discrimination. Defendant states that Denton's employment was going to be terminated due to his unacceptably slow job performance. A plaintiff may prove pretext "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir.2000). Defendant has provided substantial evidence of Denton's slow work performance and of the warnings given to Denton regarding his pace. Denton does not appear to dispute the slow performance, but rather tries to excuse it by saying that he had not had enough time to train, and the weather conditions were poor. These excuses do not show that Defendant's articulated reason for ending Denton's employment was merely pretext for discrimination. Denton also points to the comment made by Hunn on his first day, that Hunn did not think Denton would make it the twelve or fifteen years Denton planned on working before retirement, but this alone is not enough to show that Denton's slowness did not actually motivate Defendant to decide to terminate him.

### 2. Sex Discrimination Claim

Denton's claim of sex discrimination similarly fails because he cannot show that he "was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Grace v. USCAR*, 521 F.3d 655, 677 (6th Cir. 2008) (citing *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)). He also cannot show that Defendant's articulated reason for ending his employment, his slow job performance, was merely pretext for discrimination.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment and Motion to Strike (DN 12) is GRANTED IN PART and DENIED IN PART. Defendant is entitled to summary judgment. The Motion to Strike, therefore, is denied as moot.

An appropriate order shall issue.